**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

GLOBAL EQUITY MANAGEMENT, S.A.,

Plaintiff,

v.

AMAZON WEB SERVICES, INC., and VADATA, INC, *et al.*

Defendants.

Case No. 3:17-cv-00081-MHL

**JURY TRIAL DEMANDED**

**OPPOSITION OF DEFENDANTS AMAZON WEB SERVICES, INC. AND VADATA, INC. TO THE SPECIAL APPEARANCE AND OPPOSED MOTION TO WITHDRAW AS COUNSEL**

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Laura Anne Kuykendall (VSB No. 82318)
la.kuykendall@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1468
Facsimile: (804) 697-1339

*Counsel for Plaintiffs*
AMAZON WEB SERVICES, INC. and
VADATA, INC.

*Of counsel:*

J. David Hadden
Email: dhadden@fenwick.com
Saina S. Shamilov
Email: sshamilov@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

(Admitted *Pro Hac Vice*)

## INTRODUCTION

Defendants Amazon Web Services, Inc. ("AWS") and VADATA, Inc. ("VADATA" and, collectively with AWS, "Amazon") respectfully submit this combined opposition to Plaintiff Global Equity Management (SA) Pty. Ltd.'s ("GEMSA") Special Appearance and Opposed Motion to Withdraw as Counsel (Dkt. No. 29)[1] ("Motion to Withdraw"). Out of an abundance of caution, Amazon opposes the Motion to Withdraw because it is uncertain whether by granting this motion, the Court may divest itself of jurisdiction over former counsel with respect to ordering sanctions for pre-withdrawal misconduct. Specifically, Amazon reserves its right to file motions seeking sanctions and fees against the withdrawing attorneys pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 35 U.S.C. § 285.

## FACTUAL BACKGROUND

GEMSA is an Australian patent assertion entity with no United States presence. (3:16-cv-619, Dkt. No. 24 at 2-3); *see also Global Equity Management (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *2 (E.D. Tex. Jan. 24, 2017). From late 2015 through June 2016, GEMSA filed more than 30 identical lawsuits against Amazon customers in the Eastern District of Texas, alleging infringement of the same two patents by accessing Amazon's web technology and data centers. (3:16-cv-619, Dkt. No. 24 at 5-9.) However, GEMSA strategically chose not to name Amazon as a co-defendant in any of those lawsuits. To protect its customers and safeguard its web services offering, Amazon filed a complaint for declaratory relief in this district on July 22, 2016. (No. 3:16-cv-619, Dkt. No. 1.) Amazon sued in this district because 35 U.S.C. § 293 dictates that non-resident patentees who

[1] GEMSA's motion is nearly identical to GEMSA's Special Appearance and Motion to Withdraw as Counsel in the related declaratory judgment action *Amazon Web Services, Inc. v. Global Equity Management (SA) Pty. Ltd.*, CA No. 3:16-cv-619-MHL, Dkt. No. 35 (E.D. Va. June 19, 2017).

fail to designate a representative in the United States for service of process affecting their patent rights—like GEMSA here—are subject to the jurisdiction of this Court and suit in this district.

On July 26, 2016, a few days after Amazon's declaratory judgment complaint was filed, counsel for Amazon called William Ramey, the designated correspondence counsel for GEMSA with the USPTO and GEMSA's lead counsel in the Texas customer cases, and asked him to accept service of the complaint. (No. 3:16-cv-619, Dkt. No. 24 at 10.) Mr. Ramey declined, noting that he was not authorized to accept service, but that he would confer with his client. But Mr. Ramey never accepted service or even responded to Amazon's counsel. Instead, and on the very next day, Mr. Ramey filed amended complaints in 20 of the Texas lawsuits, adding AWS and VADATA as formal defendants. (*Id.*) Amazon subsequently filed motions to dismiss, or in the alternative, transfer the claims against it to this Court and to stay claims against the customer defendants pending resolution of this action. (*See, e.g.*, Dkt. No. 4.) On January 24, 2017, the Texas granted these motions, severing and transferring GEMSA's suit against Amazon in the member case *GEMSA v. Ericsson, Inc., et al.*, 2:16-cv-618 (E.D. Tex.) to this Court (the present action) and staying GEMSA's remaining customer suits in Texas. (Dkt. Nos. 16, 17, 19); *Global Equity Management*, 2017 WL 365398 at *10-11.

**ARGUMENT**

The Fourth Circuit and this Court have not directly addressed whether a court retains jurisdiction over attorneys who have withdrawn from an action. However, "it is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that district court retained jurisdiction to issue Rule 11 sanctions after plaintiff voluntarily dismissed his complaint). And courts outside of the Fourth Circuit have explicitly sanctioned attorneys for pre-withdrawal conduct. *See, e.g.*, *In re Itel Securities Lit.*, 791 F.2d 672, 675 (9th Cir. 1986) ("a lawyer may

[not] escape sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions"); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-cv-604, 2008 WL 1777855, at *2 (S.D.N.Y. April 16, 2008) ("As for defendants' contemplated claim against Sinawski for Rule 11 sanctions, his withdrawal from the case does not insulate him from such a claim for pre-withdrawal litigation conduct"). It is Amazon's position that post-withdrawal, the Court retains jurisdiction over former counsel with respect to issuing sanctions for pre-withdrawal activity. However, out of an abundance of caution, Amazon opposes the Motion to Withdraw.

Dated: July 21, 2017

Respectfully submitted,

By: */s/ Laura Anne Kuykendall*
Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Laura Anne Kuykendall (VSB No. 82318)
La.kuykendall@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1468
Facsimile: (804) 697-1339

*Counsel for Plaintiffs*
AMAZON WEB SERVICES, INC. and
VADATA, INC.

*Of counsel:*

J. David Hadden
Email: dhadden@fenwick.com
Saina S. Shamilov
Email: sshamilov@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2017, the foregoing document was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Laura Anne Kuykendall*
Laura Anne Kuykendall (VSB No. 82318)
La.kuykendall@troubmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1468
Facsimile: (804) 697-1339

*Counsel for Plaintiffs*
AMAZON WEB SERVICES, INC., and
VADATA, INC.